IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TERRI PEPPER,<br><br>    Plaintiff,<br><br>v.<br><br>STRESS FREE HEALTH OPTIONS, INC., and MAX VALUE INSURANCE GROUP.<br><br>    Defendant. | Civil Action No. 4:22-cv-01251<br><br>**Jury Trial Demanded** |

# COMPLAINT

TERRI PEPPER ("Plaintiff" or "Ms. Pepper"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STRESS FREE HEALTH OPTIONS, INC. ("Stress Free") and MAX VALUE INSURANCE GROUP ("Max Value") (collectively "Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4. Furthermore, Defendants purposefully availed themselves to this forum by knowingly calling/texting Plaintiff on her cell phone with an "806" area code.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in The Woodlands, Texas 77354.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant Stress Free is a business entity with a principal place of business, head office, or otherwise valid mailing address at 232 Andalusia Avenue, Suite 200, Coral Gables, Florida 33134.

9. Defendant Stress Free is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant Max Value is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1000 SW 86 Ct., Miami, Florida 33144

11. Defendant Max Value is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendants worked in concert, and upon information and belief, have common ownership. Also upon information and belief, obtained Plaintiff's contact information from a common lead generator.

13. Defendants acted through their agents, employees, officers, members, directors,

- 2 -

PLAINTIFF'S COMPLAINT

heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and vendors.

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, Plaintiff maintained a cellular telephone, the number for which was 806-XXX-0401.

15. At all times relevant hereto, Plaintiff primarily used that cell phone for residential purposes.

16. Plaintiff registered that cell phone number, 806-XXX-0401, on the Do Not Call Registry on or around September 15, 2004.

17. Plaintiff registered her cell phone number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

18. Defendants called and text messaged Ms. Pepper on her cell phone on a repetitive and continuous basis for solicitation purposes. Namely, to sell insurance plans that Pepper did not need or want.

19. Many of the calls placed by Stress Free contained a pre-recorded message that was played to Plaintiff in either a voicemail or upon her answering the call.

20. For instance, on November 26, 2019, Stress Free left Ms. Pepper a pre-recorded message: "95% of people in your area qualify for a new 2020 health plan.  Open enrollment starts November 1 avoid long lines and pre-enroll today."

21. Ms. Pepper did not consent for Stress Free to place automated/pre-recorded telemarketing calls to her cell phone.

22. Plaintiff also did not consent to receive calls or texts about healthcare enrollment from any party, including Stress Free or Max Value.

23. Ms. Pepper received unwanted telemarketing calls and texts from Defendants on instances including but not limited to the following:

| Date/Time: | Caller ID: | Method | Company |
|---|---|---|---|
| 11/26/2019 2:51pm CST | 380-777-1479 | Call | Stress Free |
| 11/26/2019 2:52 pm CST | 385-449-6743 | Call | Stress Free |
| 12/09/2019 1:53 pm CST | 346-998-5098 | Text | Stress Free |
| 12/10/2019 10.24 am CST | 763-888-0228 | Call | Stress Free |
| 12/13/2019 2:24 pm CST | 346-998-5098 | Text | Stress Free |
| 12/23/2019 9:32 am CST | 305-376-7089 | Text | Max Value |
| 1/20/2020 11.57 am CST | 305-376-7089 | Text | Max Value |
| 3/13/2020 1:49 pm CST | 806-781-1549 | Call | Stress Free |
| 3/20/2020 9:33 am CST | 757-239-3832 | Call | Stress Free |
| 3/25/2020 4:03 pm CST | 432 260-5228 | Call | Stress Free |

24. Plaintiff did not request information from Defendants and Defendants did not have consent to contact Plaintiff.

25. Defendants' calls and texts were not made for "emergency purposes."

26. The calls at issue were not made to convey exigent healthcare information. Rather, the calls/texts were for solicitation purposes.

27. Shortly after the calls and text messages started, Plaintiff told Stress Free to stop contacting her.

28. However, Defendants continued to call and send text messages.

29. Once Defendants were informed that their calls and text messages were unwanted an to stop, there was no lawful purpose to further contacting Plaintiff, nor was there any good faith reason for further contacting Plaintiff.

30. Defendants' incessant calls and texts were bothersome, disruptive, and frustrating for Plaintiff to endure.

31. The acts and omissions described above were in violation of Plaintiff's rights under the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)
*Plaintiff v. Stress Free*

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

34. Defendant Stress Free initiated multiple calls to Plaintiff's cell phone which included a pre-recorded or automatically generated message.

35. Stress Free's calls and text messages to Plaintiff were not made for "emergency purposes" or to convey exigent healthcare information.

36. Stress Free's calls and text messages to Plaintiff were without Plaintiff's prior express consent.

37. Stress Free contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry since September 15, 2004.

38. Defendant Stress Free's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

39. The acts and/or omissions of Defendant Stress Free were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. §227(c)(5)
### *Plaintiff v Stress Free and Max Value*

41. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

42. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

43. Defendants contacted Plaintiff despite the fact that her number had been on the Do Not Call Registry since September 15, 2004.

44. Defendants called and text messaged Plaintiff on multiple occasions for telemarketing purposes during a single calendar year despite Plaintiff's registration of her number on the Do Not Call list.

45. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

PLAINTIFF'S COMPLAINT

46. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, TERRI PEPPER, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)

    b.    of $500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. §227(c)(5)(B);

    d.    Treble damages of $1,500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c)(5)(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

    g.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TERRI PEPPER, demands a jury trial in this case.

Respectfully submitted,

Dated: April 18, 2022

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
SDTX ID No. 3568914
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com