Case 4:22-cv-01251   Document 24   Filed on 08/23/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRI PEPPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-22-1251 |
| | § | |
| STRESS FREE HEALTH OPTIONS, INC. | § | |
| *et. al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Terri Pepper sued under the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq*. (Docket Entry No. 13).  She alleged that she received unwanted prerecorded telemarketing calls and texts on her cell phone from the defendants, seeking to sell her insurance plans.  Pepper had placed her cell phone number on the Do Not Call Registry.  (*Id.* ¶ 25).  She specifically alleges that she received two unwanted solicitation texts from Max Value, one in December 2019 and one in January 2020.  (*Id.* ¶¶ 32).  She alleges that Max Value and the other two defendants violated 47 U.S.C. § 227(c)(5) by placing the solicitation texts to a number on the Do Not Call Registry.  She seeks actual and statutory damages and an injunction.  (*Id.* at 8).

Max Value has moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, (Docket Entry Nos. 11, 23), and Pepper has responded. (Docket Entries No., 19).  General jurisdiction is not urged; the issue is specific personal jurisdiction.  Max Value, a Florida company, argues that "a paltry two text messages" is insufficient for a Texas court to assert personal jurisdiction. (Docket Entry No. 11 at 7).  Pepper points to the fact that her cell phone had an "806" area code, which is clearly associated with Texas.  (Docket Entry No. 19 at 1).  In reply, Max Value

argues that it cannot be subject to this court's jurisdiction absent any "evidence that Max Value knew [Pepper] was located in Texas." (Docket Entry No. 23 at 3).

Many courts have considered an argument like Max Value's and rejected it. Several are Texas federal district courts.

In *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554 (S.D. Tex. 2021), the court considered TCPA claims based on unsolicited robocalls placed to Texas numbers, among others. Analogizing the TCPA claim to an intentional tort, the court looked to cases including *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 484 (5th Cir. 2018), a Fifth Circuit case law holding that a single call directed to Texas may create specific jurisdiction when that communication forms the basis of the claim. *Id.* at 491 (holding that, with respect to a fraud claim, "[t]he defendants should have reasonably anticipated being haled into Texas court as a result of reaching out to Texas via phone in order to garner business and make specific [alleged] [mis]representations."); *see also Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.").

The *Thomas* court held that calling numbers robotically to numbers in different states, including Texas, was sufficient for personal jurisdiction over the out-of-state defendant for a TCPA claim based on those calls. There, as here, (Docket Entry No. 23 at 5), the defendant argued that it could not be haled into a Texas court without actual knowledge that contacting a Texas area code would definitively result in a communication to Texas. The court rejected this argument, stating:

> It thus doesn't matter whether Life Protect knew in advance that Thomas resided in Texas because certain types of intentional conduct must, by their very nature, manifest their effects beyond the borders of the state in which the defendant acts. Here, Life Protect (allegedly) engaged in the very business practice specifically condemned by Congress—calling numbers robotically at random.

> *And by doing so, Life Protect knew full well that it was using cellular and wire lines intended to go far beyond its home state. In this instance, wherever it reaches a consumer with a robocall, Life Protect has purposefully availed itself of that state's laws.* That it didn't know precisely where its intentional, externally directed contact would land with each dial of the phone is no reason to deprive a federal court of personal jurisdiction where its calls did, in fact, land.

*Thomas*, 559 F. Supp. 3d at 568 (emphasis added).

In finding minimum contacts, the court continued:

> Where a business is alleged to engage in intentional practices assuredly designed to manifest results across the country in contravention of a federal statute, the act of reaching out in that prohibited manner is purposeful available of "the privilege of causing a consequence" in whatever state that call reaches.

*Id.*; s*ee also, Baldridge v. Sun Path, Ltd.*, 2022 U.S. Dist. LEXIS 38377, at *1 (S.D. Tex.) (finding specific personal jurisdiction over an out of state company that used a telemarketer to place calls to the plaintiff's phone number, which had a Texas area code); *Montelongo v. My Fin Sol's*, LLC, 2020 WL 2100814 (W.D. Tex. 2020) (three phone calls to a Texas area code were sufficient for specific personal jurisdiction in a TCPA claim).

A case to the contrary, *Cantu v. Platinum Mktg. Grp.*, *LLC*, is older and based on speculation about the relationship between a plaintiff's cell-phone area code, the state associated with that area code, and the defendant's intent. No. 1:14-CV-71, 2015 WL 13912331, at *3 (S.D. Tex. July 13, 2015). *Cantu*'s dismissal of a TCPA action on that speculative basis is not grounded in controlling authority. It is also contrary to most of the cases across the country addressing the issue. These cases consistently find specific personal jurisdiction in TCPA cases involving very few calls or texts placed by out-of-state companies to an in-state number. *See, e.g.*, *Shelton v. Nat'l Gas & Elec., LLC*, No. CV 17-4063, 2019 WL 1506378, at *1 (E.D. Pa. Apr. 5, 2019) (one call); *Abramson v. CWS Apartment Homes, LLC*, No. CV 16-426, 2016 WL 6236370, at *3 (W.D. Pa.

3

Oct. 24, 2016) (a single text); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *1 (N.D. Cal. July 14, 2014) ("four or five" texts); *see also May v. All Access Telecom, Inc.*, No. 5:19-CV-00237-JPB, 2021 WL 8892199, at *3 (N.D.W. Va. Apr. 23, 2021) (stating that "[i]n TCPA cases, courts generally find that specific jurisdiction exists when a defendant makes a call or sends a message into the forum state by targeting a telephone number within the particular forum.").

Because this court finds that there are sufficient contacts for specific personal jurisdiction over Max Value, it considers whether the exercise of personal jurisdiction over Max Value in Texas would be unfair and unreasonable.

> In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies.

*Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). The "primary concern" is the "burden on the defendant." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780) (2017).

Max Value contends that the burden it would face defending itself, a nonresident defendant, in Texas should result in the court denying jurisdiction. (Docket Entry No. 11 at 10). The court finds this argument unpersuasive. Most, if not all, of the pretrial discovery and pretrial motions work can be done remotely. Indeed, the Rule 16 conference is already scheduled to occur by Zoom. This greatly reduces the burden on Max Value to defend itself in Texas. Max Value's suggestion that Pepper sue everyone in Florida would simply shift the burden and would undermine the plaintiff's right to choose the forum. While the courts of Florida could competently resolve this dispute, a Texas forum and the State of Texas do have an interest in whether Texas residents are

subject to violations of federal law. There is no basis to find that subjecting Max Value to personal jurisdiction in a Texas court to resolve this claim is unfair or unreasonable.

    Max Value's motion to dismiss is denied.

    SIGNED on August 23, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge
